Gorman, J.
Pleard on motion to require purchaser, George Weber, to show cause why he should not be punished for contempt of court for failure to pay the purchase money.
This is a proceeding in partition. The commissioners appointed by the court made a return that the property could not be divided by metes and bounds, and appraised the same at $2,- *333 000. An order of sale was duly issued and the property put up and sold by the sheriff after duly advertising the same. George Weber bid therefor $1,810 and the premises were struck off to him. He deposited $100 on account of the purchase price, and has now refused to pay the balance, $1,710. Plaintiffs have filed a motion to require him to show cause why he should not be punished as for a contempt of court in thus failing to pay the balance of said purchase money.
The question has been argued and submitted to the court, upon the theory that the order has issued and Weber is in court by himself and counsel to show cause why he should not be held to pay in the money and accept the property.
The purchaser has pointed out several defects which he claims exist in the title to the property, but the court is not disposed to attach much, if any importance to any of these, except the objection that the petition fails to allege that there are no debts of Maria Katherine Theis unpaid, or that there is sufficient personalty out of which to pay her debts, etc.
Now the record, the petition and the decree for partition set out that the husband, Henry Theis, died in 1901 intestate leaving the premises described in the petition, and that the plaintiff and defendants are his heirs at law, and that they are tenants in common and entitled to partition.
The petition avers that if Henry Theis left a last will and testament and the same be still in existence, the said Maria Katherine Theis was the sole beneficiary thereunder.
The petition was filed December 10, 1910, one month after the death of Maria Katharine Theis, and a decree of partition was entered April 20,1911, within one year of her death.
The evidence or the agreed statement of counsel on this motion shows that after the filing of the petition herein, the last will of Henry Theis was produced and probated in this county about September 22d, 1911, and by its provisions the widow, Maria Katherine Theis, was his sole devisee, and the property in question was thereby devised to her. The sale to Weber by the sheriff was made on June 22d, 1911.
By the provisions of Section 12028, General Code, a partition of an estate which comes to the tenants in common by descent *334 or devise, ean not be ordered by tbe court within one year from the death of such person, unless the petition set forth and it be proved that all debts against the estate are paid or secureed to be paid, or that the personal property of the decedent is sufficient to pay them.
Now as to Maria Katherine Theis, through whom these tenants in common hold, there was neither such an allegation nor such proof, although the decree was taken within one year of her death. I am of the opinion that the court had no jurisdiction to decree the partition at the time it was entered in this case. At least, because of the premature entering of the decree, I am of the opinion that the purchaser was justified in objecting to the sufficiency or marketableness of the title.
Now it is true that under Section 11687, General Code, a purchaser may be punished as for a contempt for refusing to pay in the purchase money.
It is also true that even if the purchase money be paid in, it is a matter resting in the sound discretion of the court, whether or not it will confirm, a sale on motion to confirm or motion to set .aside the sale. See Section 11688, General Code, as to writs of execution, sale and confirmation, and this section also applies to all judicial sales. See also Section 12038 as to confirmation of sales in partition. Under the facts in this ease, I do not think that a court should require the purchaser to take the property or pay in the purchase money, if the court has any discretion in the matter, or the purchaser has any standing in the court to resist the confirmation of the sale or the order to require him to pay into court. There is a conflict of opinion in this state as to the question of whether or not a purchaser has any standing in court to object to the confirmation of the sale. But it seems to be well settled that the court has a sound discretion to confirm or set aside a judicial sale whether the purchaser has' a standing in court or not. See L. I. & T. Co. v. Goodin, 10 O. S., 557, where the court on page 566 says:
“All such sales (judicial sales) whether by judgment or decree are regulated by the same statute, and the power of the courts is very properly limited to a confirmation or vacation of the sale as to which they are to exercise sound legal discretion, *335 and in which, all parties, the plaintiff, the defendant and the purchaser may be heard. The power is to confirm or set aside, but not to modify the sale or its terms.”
See also Mechanics S., B. & L. Ass'n v. O'Conner 29th O. S., 651, where the court on page 656 says:
"If before the sale was confirmed by the court, the defendant (the purchaser) had applied for relief and had moved the court to set aside the sale, the court in its discretion might have done so,” etc.
To the same effect is Dresbach v. Stein, 41st O. S., 70, page 78. Other cases to the same effect might be cited from other states, but I am satisfied that the cases cited establish the rule that the court has a sound discretion to confirm or set aside a judicial sale on motion to confirm or set aside.
• Now there appears to be no unanimity of opinion in this state as to the right of a purchaser to be heard either in favor of or against the confirmation of a judicial sale, although the rule outside of this state seems to be quite firmly established, that in the interests of justice and fair dealing, he has and should have that right.
In Corcoran v. Pacific B. Ass'n, 5 Bull., 712 Judge Avery, announcing the opinion of the district court of this county, held that the purchaser had no standing in court to be heard on the confirmation of the sale. And to'the same effect is the ease of Brickell v. Miles, 2 N.P.(N.S.), 153 a decision by Judge Bigger of the Franklin Common Pleas Court.
But the general term of the superior court in Marshall v. Flinn, 1 C. S. C. Rep., held that the purchaser has a standing in a court and a right to be heard and object to the confirmation of the sale, or to urge its confirmation, and this decision appears to me to be in accord with the statements of the Supreme Court in the eases above cited (10 Ohio State and 29 Ohio State), and also in accordance with the dictates of natural justice and the rule that the courts should seek to do justice between all the parties or persons interested in the subject-matter of the litigation.
*336 There is no doubt of the correctness and universality of the rule of caveat emptor applying to purchasers at judicial sales in all its rigor, but this does not mean that, before confirmation, a purchaser may not be relieved from taking real estate purchased by him at such sale, if there be a question of the marketableness of the title or the jurisdiction of the court to decree the sale.
After confirmation, he can not be relieved because of this hard rule that the purchaser buys at his peril, and takes only such title as the sheriff has to give.
There are many instances of unreported cases in our local courts, wherein the court relieved the purchaser from taking the property bought by him at judicial sale. I should be very loth to confirm a judicial sale, if there was any reasonable question as to the marketability of the title. I think there are reasonable grounds in this case for the purchaser’s attitude, and although I might punish him for refusing to pay in the purchase money, because strictly and technically speaking he may be bound to pay in, because he bid upon the property and it was struck off and sold to him, and his failure to pay the sheriff is a contempt of court, in that, his conduct in bidding and not taking the property and paying therefor, is an interference with the processes and proceedings of the court; nevertheless, if on a motion to confirm this sale, or a motion to set it aside I would not confirm the sale, the purchase money would have to be returned to the purchaser.
It is not the desire of this court, nor should it be the purpose of any judge, to inflict punishment on any one merely for the sake of punishing, if no practical or salutary result would follow the punishment. In this case, I am of the opinion that substantial justice and fairness requires this sale to be set aside, and the record of the case put into such shape as will leave no reasonable grounds of objection to the subsequent purchasers — if such there may be — of these premises..
In view of the opinion here expressed, I do not think that a rule should issue to require the purchaser, Weber, to show cause why he should not be punished as for a contempt, and the motion for the rule will therefore be overruled.